(67 Misc. Rep. 283.)

### WEINBERG v. WOODWARD.

(Supreme Court, Special Term, Queens County. April, 1910.)

1. INSURANCE (§ 711*)—BENEFIT ASSOCIATION—OBLIGATIONS—ASSOCIATIONS.
   The obligation as to membership benefits in a mutual association is in the nature of an insurance contract, to be governed by principles applicable thereto.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1848; Dec. Dig. § 711.*]

2. INSURANCE (§ 756*)—BENEFIT INSURANCE—DEFAULT IN DUES.
   Where the constitution of a benefit association provides for payment of dues at certain dates to avoid forfeiture, such provision is not self-operative, but requires some act to declare the forfeiture, and failure of member to pay his dues on the day designated does not create a forfeiture.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1917; Dec. Dig. § 756.*]

Action by Cora Lee Weinberg against Peter H. Woodward. Judgment for plaintiff.

Joseph R. Reilly, for plaintiff.
Joseph F. Keany (Louis J. Carruthers, of counsel), for defendant.

PUTNAM, J. This is a suit in equity by the beneficiary of James Manning, a deceased member of the Long Island Railroad Employés' Mutual Relief Association. Manning, a fireman upon a Long Island ferryboat, on October 1, 1907, received a certificate of membership providing for sick benefits at the rate of $9 per week and a compensation for death payable to his beneficiary. While in the service

of the company, on November 13, 1907, he was stricken with paralysis, and never again resumed his work. The last payment for services was made to him in November, 1907. His sick dues were continued for six months up to May 12, 1908. On June 17th the monthly dues of $1 were sent to the company in a letter; but the amount was returned, claiming that his membership was forfeited because not paid June 15th. His death followed on June 18th.

Article 7 of the constitution, made a part of the contract, provides that the monthly dues are to be deducted in advance from the wages due from the railroad company; "but in case any member be prevented from earning wages by reason of leave of absence or suspension, he shall be required to contribute the same as is hereafter provided for a member not in the employ of the Long Island Railroad Company." The article then further provides:

"In the case of a contributor who is prevented from earning wages by sickness or injury, his monthly contribution shall be deducted from the allowance made to him out of the Relief Fund; but, in the case of a contributor who has left the service of the Long Island Railroad Company, the monthly payments must be regularly made on or before the 15th day of each month to avoid a forfeiture of the rights and benefits herein provided for."

Although Manning was never formally discharged from the employment of the railroad company, he did not thereafter render them any service. Apparently he hoped to come back, as about May 15th he obtained a doctor's certificate of his ability to fill some light position. With this certificate, he applied to the railroad for employment; but, after a test, it was found that his manual ability was not sufficient, so that he received no position with the company. The plain intent and purpose of this relief plan was that the monthly dues of those members receiving pay from the company were to be deducted in advance, while those who left that employment, or were on leave of absence, were required to pay dues on the 15th of each month. Notwithstanding the argument for the plaintiff, I find that Manning was not in the company's employ, and was required by the constitution and by-laws to make these monthly payments. Between November and May, his payments had been deducted from the weekly sick benefits. Hence it became necessary for him to pay the monthly dues for June.

The question remains whether the omission to make the payment on June 15th worked a forfeiture. Although this is a mutual association, the obligation in respect to the membership benefits is in the nature of an insurance contract, to be governed by the principles applicable to such contracts. Modern Woodmen v. Tevis, 117 Fed. 369, 54 C. C. A. 293. The hardship and injustice of forfeitures in respect to life insurance have been the subject of legislation in nearly all the states, and, although it is essential that the dues in such relief associations should be promptly paid, strict and precise terms in the agreements are necessary to enforce against a member a forfeiture for nonpayment. Bacon, Ben. Soc. § 352. Here the provision is merely for payment "on or before the 15th day of each month to avoid a forfeiture of the rights and benefits herein provided for." This is

far short of declaring that, in the event of nonpayment, "such membership shall cease and determine, at once, without further notice, and all claims be forfeited." McDonald v. Mutual Benefit Ass'n, 29 Hun, 87. To say that the payment must be made "to avoid" a forfeiture might imply that, if not then paid, a forfeiture might follow. But, with this wording, the lapse is not self-operative, but would require some act or proceeding to declare and enforce the forfeiture. 29 Cyc. 169, 170.

The participation in this relief fund, although by small monthly payments, may grow to represent a relatively large interest, which should no more be forfeited by implication than in the ordinary relation of an insured and insurer under a life policy. On the 19th of May, when making the final payment on account of the six months' sick benefit, the secretary wrote to Manning:

"If you desire to retain your membership, you may do so, by paying your dues, each month, on or before the 15th day thereof. May dues are paid. I also beg to advise that if, at any future time, you are disabled by reason of same sickness, or anything resulting from it, you will not be eligible for further benefits from association."

This also conveyed no warning of forfeiture. Undoubtedly the constitution and by-laws looked mainly to dues being deducted in advance from the member's wages, leaving as less important the exceptional cases of members not in receipt of wages from this railroad. As there is no provision in full and explicit terms for a forfeiture, so as to bar a right to benefits, without taking any action against the defaulting member, the omission to pay the dues on June 15th did not, of itself, forfeit Manning's membership.

Plaintiff is therefore entitled to a decree restoring this membership certificate, and adjudging that, on payment of, or by crediting, the June dues, she, as beneficiary, may recover the death benefit thereunder.

Judgment accordingly.