LILLIE M. HENNESSEY, Respondent, v. KNIGHTS OF COLUMBUS, Appellant.

Second Department, November 3, 1933.

*John F. DeAngeli* [*Luke E. Hart* with him on the brief], for the appellant.

*Samuel Herbsman* [*Samuel Aleyner* with him on the brief], for the respondent.

DAVIS, J. On August 27, 1903, William J. Hennessey, then a member of a subordinate lodge of the defendant, a membership corporation, received a benefit certificate for $1,000 and was admitted to membership in the insurance class. In this certificate the plaintiff was designated beneficiary as wife of the insured. Hennessey (and later the beneficiary) continued to pay all premiums, assessments and dues until his death on October 19, 1929. The plaintiff has judgment for the face of the certificate, granted on a directed verdict when both parties moved for such direction without asking that any question of fact be submitted to the jury. The defendant, admitting the payments by Hennessey, disputes the fact that he remained a member in good standing, and interposes other defenses. It has offered to return the premiums it has received since the time it claims the membership terminated.

It is argued as a question of law that the acts of Hennessey *ipso facto* terminated his membership in the order and invalidated the certificate. Disregarding all questions not pertinent or now abandoned, the defendant claims that Hennessey violated certain fundamental provisions in the constitution, by-laws, rules and regulations of the order by which he became obligated under his application to join and become insured. In brief, it is claimed that he failed to live up to the laws, rules and regulations of the Roman Catholic church and became affiliated with and a member of an organization prohibited by the laws, rules and regulations of that church. Of the latter fact there can be no doubt; and of the fact that he did not remain " a practical Roman Catholic " the doubts are negligible. Likewise it may be assumed that the officers of the subordinate lodge to whom the dues were sent had no knowledge of the facts concerning Hennessey's conduct and acts violative of his obligations.

The laws governing the entire membership (Chap. 12, § 73) provided that no death benefit should be paid to the beneficiary of any deceased member if the deceased obtained admission to the

order through fraud, misrepresentation or false statements to examining physicians; or if he had been *ipso facto* or otherwise suspended or expelled by the laws of the order and not reinstated. There were provisions in the application and in the laws (§ 168) which made operative an *ipso facto* forfeiture of membership, such as engaging in the liquor business, or being convicted of a felony. In other cases the breach of a condition subsequent did not become self-executing. We may say that the promissory statements in the application were breached in that Hennessey did not " remain and continue a practical Roman Catholic; " and that he agreed, upon such failure, to " forfeit his membership in said Order, and all benefits accruing from membership of said Order."

The defendant did not take advantage of its right to terminate his membership and declare the benefits forfeited. Instead, the insured continued to pay his premiums and dues. To be sure, the defendant was not informed of the facts, but, unless the provisions of the law were self-executing, these breaches would be waived by continued acceptance of premiums without inquiry, protest or other action.

Section 101 of article 14 of the laws provided that " Practical Roman Catholics only shall be eligible to and entitled to continue membership in the Order."

Section 162 of chapter 18 provided that " Any member of the Order after trial, except in such cases where it is provided no trial shall be had, who shall be found guilty of: 1. Violating the Constitution * * * shall be fined, suspended or expelled. 2. Non-Practical Catholic. Failure to continue a practical Roman Catholic shall be expelled."

The provisions of section 170 are as follows: " Members of this Order shall not be fined, suspended, expelled or removed from office without trial, as hereinafter provided, except — 1. In all cases specified by the laws and rules of the Order, as laid down for the government of councils and members, where it is or shall be decreed that for any act done or omitted to be done by a member he shall *ipso facto* forfeit his membership. 2. In all cases, as by law provided, where members may be summarily suspended by the Board of Directors, Supreme Knight, or State, district or territorial deputies."

Under these laws, as we view them, Hennessey was entitled to a trial before he could be expelled, no matter how little formality was necessary in the production of proof. He and the beneficiary had the right to believe that the policy was valid as long as his financial obligations were paid; and he had the right to be heard on charges before he could be expelled and the certificate invalidated.

Whatever his transgressions may have been, it is admitted that he could have been restored to good standing in the church, by confession, at any time preceding his death; whether or not he was so restored to good standing is not disclosed by the evidence. It follows that he did not *ipso facto* lose his membership, for the reason that the laws in his case were not self-executing.

Instances in which somewhat similar provisions were held not self-executing may readily be found. Where it was provided that " payments must be regularly made on or before the 15th day of each month to avoid a forfeiture," it was held that the provision " is far short of declaring that, in the event of non-payment, ' such membership shall cease and determine at once, without further notice, and all claims be forfeited.' [*McDonald* v. *Ross-Lewin,* 29 Hun, 87.] To say that the payment must be made ' to avoid ' a forfeiture might imply that if not then paid a forfeiture might follow. But, with this wording, the lapse is not self-operative, but would require some act or proceeding to declare and enforce the forfeiture." (*Weinberg* v. *Woodward,* 67 Misc. 283; affd., 146 App. Div. 917.)

In *Demings* v. *Supreme Lodge Knights of Pythias* (20 App. Div. 622, 624; appeal dismissed, 161 N. Y. 662) it was said: " The good standing of the deceased was established by the certificate, * * * and such good standing was presumed to continue." (See, also, *Royal Circle* v. *Achterrath,* 204 Ill. 549.) If it may be said that the provisions in the laws are ambiguous, then the language written by the insurer, of doubtful meaning or susceptible of two fair interpretations, should be construed to uphold rather than avoid the policy. (*Griffey* v. *New York Central Ins. Co.,* 100 N. Y. 417, 421; *Schumacher* v. *G. E. C. & I. Co.,* 197 id. 58.)

The same general rule prevails in other jurisdictions, and it is held that provisions which may deprive one of property rights, acquired when paying dues from time to time, are to be construed strictly, and are not to be regarded as self-executing unless that intent and purpose clearly appears. (*Steinert* v. *United Brotherhood of Carpenters & Joiners,* 91 Minn. 189.) Where the purpose of forfeiture is explicit in the language, then the member may *ipso facto* lose his rights. (*Royal Templars of Temperance* v. *Curd,* 111 Ill. 284; *Barry* v. *Order of Catholic Knights,* 119 Wis. 362.) Here we do not find in the laws a positive provision that the law shall be self-executing for forfeiture when a violation occurs.

The defendant further claims that all rights on the policy were barred by the lapse of time in bringing the action. In other words, the action was not brought within the time prescribed by the

laws of the order. There were negotiations for adjustment of the claim before the board of directors and a certain member of the supreme council, so that the plaintiff withheld beginning the action pending the determination whether or not her claim would be paid. As soon as it was determined adversely to her, the plaintiff brought the action. We think that the acts of negotiation constituted a waiver and that defendant cannot take advantage of a delay to which it was a party. (Bacon Life & Acc. Ins. [4th ed.] § 617.) If there was a question of fact on that issue, it has been determined in favor of the plaintiff by the motions for a directed verdict (*Adams* v. *Roscoe Lumber Co.*, 159 N. Y. 176), and the inferences most favorable to the plaintiff must be deemed to have been accepted. (*Glanzer* v. *Shepard*, 233 N. Y. 236, 242.)

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, SCUDDER, TOMPKINS and DAVIS, JJ.

Judgment unanimously affirmed, with costs.