[S. F. No. 15730. In Bank.—April 16, 1937.]

BERTHA ROSE RUDELL, Petitioner and Respondent, v. BOARD OF ADMINISTRATION OF THE STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents; LILLIAN NASH, as Administratrix, etc., Appellant.

Walker & Walker and Herman G. Walker for Appellant.

Edwin G. Wilcox and Martin Tieburg for Petitioner and Respondent.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondents.

LANGDON, J.—A hearing was granted in this case after decision by the District Court of Appeal, First District, Division Two. Upon further consideration we adopt the following opinion of Mr. Justice Spence as part of the opinion of this court:

"In a proceeding in *mandamus*, the trial court directed that the sum of $958.40, which became due as a death benefit under the State Employees' Retirement System upon the death of Richard H. Teberg, deceased, be paid to petitioner Bertha Rose Rudell, also known as Bertha Rose Teberg. This appeal is taken solely by petitioner Lillian Nash, as the administratrix of the estate of Richard H. Teberg, deceased.

"On November 19, 1931, said Richard H. Teberg was an employee of the state and so remained until the time of his death. On that date, he executed a certificate naming 'Bertha Rose Teberg . . . who is my wife as the beneficiary' of any benefits to become due upon death as a member of the State Employees' Retirement System. At the time of executing said certificate the deceased and petitioner Bertha Rose Rudell, also known as Bertha Rose Teberg, were engaged to be married and were living together as husband and wife. No marriage was ever consummated, but the relationship continued until the death of the deceased in 1934. Said petitioner was known as the wife of the deceased and had assumed the name of Bertha Rose Teberg. Both parties were unmarried persons during the entire time that their relationship continued.

"Appellant states several questions in the briefs, but confines the argument solely to the contention that respondent Bertha Rose Rudell, also known as Bertha Rose Teberg was not entitled to said benefits because of the relationship existing between said respondent and the deceased. We find no

merit in this contention. Said respondent was the named beneficiary and she was entitled to the money if she had an 'insurable interest' in the life of the deceased. (Sec. 100, State Employees' Retirement Act, Stats. 1933, chap. 473.) There is a conflict of authority in other jurisdictions as to what constitutes an 'insurable interest' in the life of another person, but in this state, that term is defined by statute. Said respondent had an 'insurable interest' in the life of the deceased if she depended upon him in whole or in part for her support. (Subd. 2, sec. 10110, Insurance Code, formerly subd. 2, sec. 2763, Civ. Code.) The evidence on this subject stands uncontradicted. There is no requirement in the statute that the dependency should result from a legal obligation to support and we are of the opinion that the 'insurable interest' mentioned in said subdivision 2 rests solely upon the fact of dependency. This view finds support in the reading of the entire section. Subdivision 3 of that section specifically requires that a 'legal obligation' must exist but there is no similar wording found in subdivision 2 which is under consideration here.

■ "Appellant cites and relies upon *Keener* v. *Grand Lodge*, 38 Mo. App. 543, and other similar cases following that decision. We find none of these authorities in point. In each of said cases the deceased had a lawful wife living during the time that he cohabited with the named beneficiary. The holding that the named beneficiary was not a dependent was apparently based upon the fact that the entire relationship was adulterous and was denounced by statute as a public offense. As was said in the cited case, 'I would not restrict dependents to those whom one may be legally bound to support, nor, yet, to those whom he may be morally bound, but the term should be restricted to those whom it is not unlawful for him to support.' In the present case, it was not unlawful for the deceased to support said respondent. Neither of the parties was married and the statute of this state did not denounce their relationship as a public offense. (1 Cal. Jur. 469.) Their relationship may have been contrary to good morals, but that fact alone would not prevent respondent from recovering as the named beneficiary. (*Waring* v. *Wilcox*, 8 Cal. App. 317 [96 Pac. 910]; *Lampkin* v. *Travelers' Ins. Co.*, 11 Colo. App. 249 [52 Pac. 1040].)"

In the petition for hearing defendant urges that the cases of *Boigneres* v. *Boulon,* 54 Cal. 146, and *Hanks* v. *Naglee,* 54 Cal. 52 [35 Am. Rep. 67], are opposed to the conclusion reached above. These cases, however, involved actions for breach of promise of marriage, and it was held therein that a promise on the part of a woman to engage in sexual relations with a man was not a valid consideration for a promise to marry. No such issue is presented here, for the record contains no evidence of such an agreement between petitioner and the deceased, and this is not an action to enforce such an agreement. The only agreement involved herein is the contract between the deceased and the state, admittedly valid and supported by good consideration, in which the deceased, exercising an undoubted right, named petitioner as beneficiary. Any discussion of petitioner's conduct is wholly irrelevant in this connection, for the consideration was given by deceased and not by petitioner. The sole issue here, as recognized by the District Court of Appeal, is dependency, and on this point the trial court's conclusion is in accord with the undisputed evidence.

The judgment is affirmed.

Thompson, J., Shenk, J., Curtis, J., Edmonds, J., and Seawell, J., concurred.