N. D. ANDERSON, ADMINISTRATOR OF ESTATE OF
ERNEST N. HALLOCK, v. EMMA NELSON.[1]

March 23, 1945.

No. 33,933.

*J. H. Whitely,* for appellant.
*Jenswold, Butchart & Dahle,* for respondent.

MAGNEY, JUSTICE.

The complaint states that on or about May 7, 1942, defendant "received from the United States Civil Service Commission the sum of $2,065.69, to the use of plaintiff, which sum is now due plaintiff as * * * administrator and which sum has been duly demanded," but that no part thereof has been paid. The complaint further alleges that on or about December 4, 1939, Ernest Hallock, now deceased, was and had been for a long time a clerk in the United States post office at Duluth and was entitled to certain benefits

[1]Reported in 18 N. W. (2d) 140.

from the retirement and disability fund of said commission, and that on that date he executed and delivered to the commission an instrument in the following words:

"To The United States Civil Service Commission, Washington, D. C.

"I, Ernest Hallock, born June 19, 1878, an annuitant, or clerk in the post office, Duluth, Minnesota, hereby cancel any and all previous designations of beneficiary heretofore filed by me, with the Civil Service Commission and do now designate the beneficiary named below, to whom I direct the United States Civil Service Commission of Washington, D. C., to pay at my death any money standing to my credit in the Retirement and Disability Fund.

"Emma Nelson, 1610 East Superior Street, Duluth, Minn. I hereby specifically reserve the right to remove or change any beneficiary at any time in the manner and form prescribed by the Civil Service Commission.

"In the event that I withdraw the amount to my credit in the Civil Service Retirement and Disability Fund this designation of beneficiary shall immediately become null and void for any possible benefits from any future service.

"ERNEST HALLOCK,
"1610 East Superior Street,
"Duluth, Minnesota.

"Dec. 4, 1939."

The complaint further alleges that Hallock died intestate February 28, 1942, and that there was due him at that time from the retirement and disability fund the sum of $2,065.69, which became and was a part of his estate, and that on or about May 7, 1942, the commission paid this amount to Emma Nelson, the defendant. Her demurrer to the complaint on the ground that the facts stated therein did not constitute a cause of action was sustained. Plaintiff then moved to vacate the order sustaining the demurrer or, in the alternative, to amend the order so as to give plaintiff leave to serve the amended complaint attached to the motion. The proposed amended complaint added an allegation setting out that under the

statutes the fund was payable either to the beneficiary designated by the federal employe or to the administrator of his estate, "upon the establishment of a valid claim therefor," and that Emma Nelson did not and could not establish a valid claim to the fund. These proposed amendments added nothing to plaintiff's right to recover. The trial court so held and denied the motions. Judgment was entered on the order sustaining the demurrer, from which plaintiff appeals.

By act of congress (5 USCA, c. 14), there has been created a retirement and disability fund for federal civil service employes. From this fund, the civil service commission pays annuities and other benefits to its employes or their beneficiaries. Hallock, the decedent, was a post-office employe, and he or his beneficiaries were entitled to the benefits which the fund provided. The value of the annuities is computed in a manner similar to that used in computing the value of a policy of insurance. By § 698(d) of the act, any employe retiring from service may elect to receive, in lieu of a full life annuity payable to him during his life, a reduced sum "and an annuity after his death payable to his beneficiary, duly designated in writing and filed with the Civil Service Commission at the time of his retirement, during the life of such beneficiary * * *." By § 724(f), each employe or annuitant may, under regulations prescribed by the commission, designate a beneficiary to whom shall be paid upon his death any sum remaining to his credit, including any accrued annuity. Under § 724(c), upon the death of the annuitant and the establishment of a valid claim therefor, payment is made in the following order of precedence:

"First, to the beneficiary or beneficiaries designated in writing by such annuitant and recorded on his individual account;

"Second, if there be no such beneficiary, to the duly appointed executor or administrator of the estate of such annuitant; * * *."

Under § 719, there is deducted from an employe's pay 3½ percent of his basic salary, and this sum is deposited in the treasury of the United States to the credit of the "civil-service retirement and

disability fund" and appropriated by congress for the payment of annuities, refunds, and allowances as provided in the act. At the time of decedent's death, this deduction was being made from his pay. Under § 719-1, the employe, at his option, may deposit additional sums, not to exceed ten percent of his annual basic salary. By § 730, the commission is required to submit annually to the Bureau of the Budget estimates of appropriations necessary to finance the retirement and disability fund and to continue the act in full force and effect. By § 729, annuities are not assignable or subject to execution, levy, attachment, garnishment, or other legal process.

Plaintiff's position is that defendant could not and did not establish a valid claim to the fund, and hence that the money should have been paid to him as administrator. The trial court in its memorandum states this claim as follows:

"The argument of plaintiff's counsel proceeds upon the theory that defendant's rights to the monies standing to the credit of Mr. Hallock in the Retirement and Disability Fund are governed by the law relative to testamentary disposition of property and transfers of personalty inter vivos."

Applying the statutes relative to the creation and disposition of the retirement and disability fund to the material facts of the complaint which the demurrer admits, defendant is in a position similar to that of a beneficiary in an insurance policy. Under the statute and the contract between decedent and the commission, defendant was entitled to receive the money. There are no facts pleaded which give plaintiff a right to recover. Decedent made a written designation of beneficiary in all respects as required by the regulations. There is nothing in the statutes or the rules and regulations of the commission which prevents defendant from being a beneficiary, and there is no allegation in the complaint that the designation of defendant as beneficiary was revoked or changed prior to decedent's death.

In Warren v. United States, 68 Ct. Cl. 634, 281 U. S. 739, 50 S. Ct. 346, 74 L. ed. 1154, a representative of the estate of a deceased owner of treasury savings certificates sued the United States to recover the value of them on the ground that a designation of beneficiary made by decedent pursuant to regulations of the treasury department granting the right to make such designation was void. Plaintiff claimed that the treasury department had no power or authority to make rules and regulations which would pass title to property of a citizen of the state of Texas. The regulations were held to have the force and effect of law. The court of claims dismissed the petition, and *certiorari* was denied. 281 U. S. 739, 50 S. Ct. 346, 74 L. ed. 1154.

In In Matter of Dickerson, 165 Misc. 230, 300 N. Y. S. 748, the deceased, as in this case, was a federal civil service employe and a member of the civil service retirement system created by the Civil Service Retirement Act. The issue before the court related to the ownership of the money standing to his credit in the retirement fund. The widow of the deceased, who was the administratrix of his estate, filed with the commission a claim to the fund, asserting that it was the property of the estate. The money was paid to her. Petitioner sought to recover the fund paid to the administratrix on the ground that petitioner had been designated as beneficiary by deceased. The court held that rules and regulations adopted pursuant to authority of an act of congress which are addressed to and are reasonably adapted to enforcement of the act and not in conflict with express statutory provisions have the force and effect of law. It further held that the regulations of the civil service commission for the administration of its retirement fund were not inconsistent with any statute and had the force of law. Petitioner, however, was denied recovery on the ground that the civil service employe was moribund when he filed the designation of beneficiary with the retirement fund and that he did not file the designation before death or complete delivery thereof.

Defendant's rights here depend upon the statutes and the contract between Hallock and the government or the civil service com-

mission. Under the statutes and the contract, defendant was entitled to receive payment, and the demurrer was properly sustained. Judgment affirmed.