[Civ. No. 18695. Second Dist., Div. Three. Mar. 17, 1952.]

LaGULIA G. SHAW, Appellant, v. BOARD OF ADMINISTRATION, STATE EMPLOYEES' RETIREMENT SYSTEM et al., Defendants; MILDRED ANN GRANT, as Administratrix, etc., Respondent.

Cannady & Freeman for Appellant.

Eugene V. McPherson for Respondent.

VALLÉE, J.—Petitioner, LaGulia G. Shaw, brought this proceeding for a writ of mandamus to compel the Board of Administration of the State Employees' Retirement System of California, referred to as the board, to pay a death benefit to her. The board was granted permission to substitute the administratrix of the estate of Frank Shaw, deceased, upon its depositing the benefit with the clerk of the court. The benefit was so deposited. The writ was denied and the board was ordered to pay the benefit to the administratrix. Petitioner appeals.

Petitioner and Frank Shaw were married in 1923. About July 1, 1944, Shaw, while married to petitioner, became a member of the State Employees' Retirement System. He remained a member until his death on May 29, 1950. Upon becoming a member, Shaw, in writing, designated petitioner as the beneficiary of any benefits to become due upon his death as a member of the system. He did not at any time revoke the designation, and her name remained on the records of the system as his designated beneficiary at all times from July 1, 1944, to his death.

On April 13, 1948, petitioner was granted an interlocutory decree of divorce from Shaw. The decree awarded petitioner $400 in lieu of her interest in the community property. On April 20, 1949, a final decree was entered. Neither the pleadings nor the decrees in the action for divorce mentioned the system or the fact that petitioner was Shaw's beneficiary, nor were the rights of the parties under the system raised or litigated in the action. Petitioner and Shaw remained friends until his death, and she paid about half of his "burial expenses."

The question is: Were petitioner's rights as the designated beneficiary of the death benefit abrogated by the divorce decree?

The State Employees' Retirement Law (Gov. Code, pt. 3) provides a "State Retirement System." The Board of Administration administers the system. "A member may at any time designate a beneficiary to receive such benefits as may be payable to his beneficiary or estate under this part, by a writing filed with the board. To be eligible to be so designated a person shall have an insurable interest in the life of the member." (Gov. Code, § 21204.) The last sentence of section 21204 was deleted in 1951. (Stats. 1951, p. 1785.) "The designation of a beneficiary under this system . . . may be revoked at the pleasure of the person who made it and a different beneficiary designated by a writing filed with the board." (Gov. Code, § 21205.) The Retirement Law does not provide any other means of revoking the designation of a beneficiary or of depriving a designated beneficiary of his or her right as such. The system is liable for the death benefit upon the death of a member. (Gov. Code, § 21360.) If a member dies without having made an election as to the manner in which the death benefit shall be paid, his beneficiary may elect to have it paid in instalments. (Gov. Code, § 21362 (b).) In 1951, section 21365.1, was added to the Retirement Law to specifically provide: "The basic death benefit and the limited death benefit shall be paid as provided in this article to the beneficiary designated by the member under section 21204, or, if no beneficiary has been so designated, to the estate of the member." "If the estate of the deceased member is his beneficiary, or if no beneficiary has been designated by him, or if the designated beneficiary cannot be found by the board, it may in its discretion pay to the funeral director who conducted the funeral, or to any person or organization that has paid the funeral director from his or the organization's funds, all or a portion of any amount payable under this system . . ." (Gov. Code, § 21370.)

█ We think it patent that the Retirement Law, prior to the addition of section 21365.1 in 1951, required payment of the death benefit to the person designated in writing as beneficiary, provided such person had an insurable interest in the life of the member at the time the designation was made.

█ Petitioner, as the wife of Shaw, had an insurable interest in his life at the time she was designated beneficiary. (Ins. Code, § 10110 (b); 29 Am.Jur., 321, § 367.) Section 286 of the Insurance Code, in part, provides: ". . . an interest in the life or health of a person insured must exist

when the insurance takes effect, but need not exist thereafter or when the loss occurs.'' As the named beneficiary having an insurable interest at that time, petitioner is entitled to the death benefit unless her right was abrogated by the divorce decree. (*Rudell* v. *Board of Administration,* 8 Cal.2d 600, 602 [66 P.2d 1203].)

The provisions of the Retirement Law providing for a death benefit are in the nature of a contract of life insurance to be governed generally by the principles applicable to such contracts. (Ins. Code, §§ 22, 101; *Dom* v. *State Employes' Retirement Board,* 345 Pa. 489 [28 A.2d 796, 798]; *Anderson* v. *Nelson,* 219 Minn. 433 [18 N.W.2d 140, 141]; Anno.: 63 A.L.R. 711, 712-717; 119 A.L.R. 1241, 1242; *cf. Packer* v. *Board of Retirement,* 35 Cal.2d 212, 215 [217 P.2d 660]; *Kern* v. *City of Long Beach,* 29 Cal.2d 848 [179 P.2d 799]; *Estate of Barr,* 104 Cal.App.2d 506, 508-510 [231 P. 2d 876]; *Richards* v. *Wheeler,* 10 Cal.App.2d 108, 112 [51 P.2d 436]; *Weinberg* v. *Woodward,* 67 Misc. 283 [124 N.Y.S. 480, 481], aff. 146 App.Div. 917 [131 N.Y.S. 1149].) The contract involved in the present case is one between Shaw and the state, admittedly valid and supported by good consideration, in which Shaw, exercising an undoubted right, named petitioner as beneficiary. (*Rudell* v. *Board of Administration,* 8 Cal.2d 600, 603 [66 P.2d 1203].)

The general rule is that the designation of a beneficiary in a policy of life insurance initiates in favor of the beneficiary an inchoate gift of the proceeds of the policy, which, if not revoked by the insured prior to his death, vests in the beneficiary at the time of his death. (*Travelers Ins. Co.* v. *Fancher,* 219 Cal. 351, 353 [26 P.2d 482].)

It is also the general rule that a designation of a beneficiary, valid in its inception, remains so, although the insurable interest, or the relationship, has ceased. (*Courtois* v. *Grand Lodge A. O. U. W.,* 135 Cal. 552, 557 [69 P. 970, 87 Am.St.Rep. 137]; *Sullivan* v. *Union Oil Co., of Cal.,* 16 Cal.2d 229, 232, 237 [105 P.2d 922]; *Jenkins* v. *Jenkins,* 112 Cal.App. 402 [297 P. 56].)

A decree of divorce in and of itself has no effect on the right of a wife to the proceeds of a policy on the life of the husband designating her as beneficiary issued prior to divorce of the parties. (*McGrew* v. *Mutual Life Ins. Co.,* 132 Cal. 85, 92-93 [64 P. 103, 84 Am.St.Rep. 20]; *Courtois* v. *Grand Lodge A. O. U. W.,* 135 Cal. 552, 557-558 [69 P. 970, 87 Am.St.Rep. 137]; *Sandrosky* v. *Prudential Ins. Co.,* 217

Cal. 578 [20 P.2d 325] ; *Sullivan* v. *Union Oil Co. of Cal.,* 16 Cal.2d 229, 237 [105 P.2d 922] ; *Jenkins* v. *Jenkins,* 112 Cal.App. 402, 408-11 [297 P. 56] ; *Connecticut Mut. Life Ins. Co.* v. *Schaefer,* 94 U.S. 457 [24 L.Ed. 251] ; 46 C.J.S. 45, § 1160; 29 Am.Jur. 976, § 1309; Anno.: 52 A.L.R. 386, 389; 175 A.L.R. 1220, 1224; *cf. Sheehan* v. *Journeymen Butchers' Etc. Assn.,* 142 Cal. 489 [76 P. 288] ; *Burke* v. *Modern Woodmen of America,* 2 Cal.App. 611, 612 [84 P. 275].)

█ The same rule generally governs in the case of a wife designated as beneficiary in a death benefit certificate of a fraternal insurance association, and the beneficiary may recover the death benefit notwithstanding divorce. (*Courtois* v. *Grand Lodge A. O. U. W.,* 135 Cal. 552 [69 P. 970, 87 Am.St.Rep. 137] ; Anno.: 52 A.L.R. 422; 175 A.L.R. 1248.)

*Sullivan* v. *Union Oil Co. of Cal.,* 16 Cal.2d 229 [105 P.2d 922], construed provisions of the "Provident Fund" of Union Oil Company. The member's former wife was named as beneficiary of the death benefit provided by the fund at the time he became a member, and she remained such until his death. After having been named beneficiary, the member's former wife divorced him. He was a member of the fund at the time of his death. The former wife claimed she was entitled to the death benefit as the named beneficiary. The rules and regulations of the fund provided that the death benefit "shall be paid to beneficiary." The court said, page 232: "Had there been no other limitation to the right of plaintiff herein to maintain her claim as a named beneficiary of the fund, it would seem clear that her contention on this appeal should be sustained." The court held, however, that the wife had released to the husband her interest and rights in the fund by a property settlement agreement they had entered into at the time of the divorce. In the course of its discussion of the latter question the court stated, page 237: ". . . it is not seriously contended that in and of itself the decree of divorce had any effect upon the asserted right of plaintiff as a beneficiary. That question heretofore has received the attention of this court, and appears to have been settled against any affirmative claim in that regard. [Citations.]"

The administratrix says the award of $400 to petitioner by the divorce decree in lieu of her interest in the community property abrogated her rights as beneficiary. The extent of the decree in this respect, applying it to its utmost, is that petitioner lost any claim to a community interest in the amount theretofore paid to the system. If petitioner lost all

community interest in the amount theretofore paid to the system by Shaw it means no more than that her right to demand a proportionate share of the death benefit, regardless of who might be the beneficiary, was lost. (*Blethen* v. *Pacific Mut. Life Ins. Co.*, 198 Cal. 91, 100-102 [243 P. 431]; *New York L. Ins. Co.* v. *Bank of Italy*, 60 Cal.App. 602, 604-607 [214 P. 61].) Her claim here is not asserted on the basis of community interest or right. The question is the effect of the decree, if any, on petitioner's rights as beneficiary.

Shaw, after his divorce, was a single man. He had, in effect, a policy of insurance upon his life with petitioner named therein as beneficiary, legally competent as such, and with the power in himself of revoking the designation of the beneficiary, which power was never exercised. As Shaw had the right under the statute to change the beneficiary, his failure to do so ordinarily indicates that he did not wish to effect a change. ■ His failure to act amounts to a confirmation of the designation of petitioner as beneficiary of the death benefit. (See *Estate of Crane*, 6 Cal.2d 218, 221 [57 P.2d 476, 104 A.L.R. 1101].) He kept the policy in force until his death, at which time the right of the beneficiary, theretofore expectant, became vested. ■ A wife can release her community interest in an insurance policy and still be a beneficiary thereof. (*Grimm* v. *Grimm*, 26 Cal. 2d 173, 175 [157 P.2d 841].) If she effects such a release —in the present case by accepting an award of $400 in lieu of her interest in the community property—and the husband revokes his designation of her as beneficiary, she has no right to the insurance proceeds on his death; but if he fails to revoke his designation of her as beneficiary she is entitled, like any other beneficiary, to the proceeds of the policy at his death. (*Idem.*) To hold, as did the trial court, that the divorce decrees abrogated the right of petitioner, as beneficiary, to receive the death benefit, is to read "divorce" into the contract between Shaw and the system in place of "death." The divorce decrees took away from petitioner all right or claim to any interest in the community property by virtue of her then status as wife, but they did not constitute a renunciation of the right to receive the death benefit in the event Shaw did not revoke her designation as beneficiary. ■ Petitioner takes the death benefit, not by reason of any community interest she may have had in the amount paid to the system prior to the divorce decrees, but by virtue of the contract between Shaw and the state.

We hold that petitioner's rights as the designated beneficiary of the death benefit were not abrogated by the divorce decrees and that she was entitled to receive it upon the death of Shaw.

The controlling facts were stipulated to. Findings were unnecessary and do not control the stipulated facts. (*People* v. *Gabriel*, 57 Cal.App.2d 788, 792 [135 P.2d 378].) Petitioner is entitled to judgment on the facts as stipulated.

The judgment is reversed with directions to render judgment for petitioner.

Shinn, P. J., and Vickers, J. pro tem., concurred.