JEANETTE M. MEYER, PLAINTIFF-APPELLANT, v. BOARD OF TRUSTEES OF TEACHERS' PENSION AND ANNUITY FUND, DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF, v. SAMUEL S. SAGOTSKY, EXECUTOR OF THE ESTATE OF CHRISTOPHER H. MEYER, THIRD-PARTY DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 24, 1958—Decided March 13, 1958.

Before Judges PRICE, HANEMAN and SCHETTINO.

*Mr. Alexander Levchuk* argued the cause for ˙plaintiff-appellant.

*Mr. David D. Furman,* Deputy Attorney-General, argued the cause for defendant-respondent (*Mr. William L. Boyan,* on the brief).

*Mr. Samuel S. Sagotsky* argued the cause for third-party defendant-respondent.

The opinion of the court was delivered by

SCHETTINO, J. A. D.   Appeal is taken from a judgment of the Law Division denying plaintiff's claim against the defendant Board of Trustees of Teachers' Pension Annuity Fund (hereinafter referred to as "retirement system") for "death benefits" provided by *N. J. S. A.* 18:13–112.40(*b*) as the alleged beneficiary of her deceased husband who had been a member of the Fund.

The factual situation was neither disputed at trial nor here on appeal.   Petitioner's husband became a member of the teachers' pension system in August 1950.   Former *R. S.* 18:13–67 provided:

"If a contributor shall die before retirement, his accumulated deductions shall be paid to his estate or to such person having an insurable interest in his life as he has nominated by written designation duly executed and filed with the board of trustees."

Pursuant to *R. S.* 18:13–67, Mr. Meyer filled out the following form on August 28, 1950:

"I hereby nominate appoint and constitute Jeanette Morrissey Meyer whose relationship to me is wife and whose present address is Marlboro, N. J. if he/she survives me, otherwise my estate, as the sole beneficiary of all my rights and claims to the *accumulated deductions* standing to my credit in the Annuity Savings Fund in case of my death while a member of the Teachers' Pension and Annuity Fund.

And I hereby request that if I die while a member of the Teachers' Pension and Annuity Fund, before retirement, the Board of Trustees honor the claim of the above named beneficiary for the payment provided by law." (Emphasis added).

In 1955 the statutory provisions (*R. S.* 18:13–24 *et seq.*) under which this appointment had been made were expressly

repealed effective January 1, 1956 by *N. J. S. A.* 18:13–112.3 *et seq.* in a revision of the Fund which was integrated with the Federal Social Security System.

*N. J. S. A.* 18:13–112.4 provides in part:

"a. 'Accumulated deductions' means the sum of all the amounts, deducted from the compensation of a member or contributed by him, including interest credited prior to January 1, 1956, standing to the credit of his individual account in the annuity savings fund.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

q. 'Teachers' Pension and Annuity Fund' hereinafter referred to as the 'retirement system,' is the corporate name of the arrangement for the payment of retirement allowances and other benefits under the provisions of this act, including the several funds placed under the management of the board of trustees of said system. By that name all its business shall be transacted, its funds invested, warrants for money drawn, and payments made and all of its cash and securities and other property held."

*N. J. S. A.* 18:13–112.5 provides:

"Sections 24 to 110, inclusive, of chapter 13 of Title 18 of the Revised Statutes of New Jersey with all amendments and supplements thereto [sections 18:13–24 to 18:13–110] are repealed as of the effective date of this act; provided, however, that the Teachers' Pension and Annuity Fund is hereby continued with the membership, all securities, investments and other assets and, except as provided herein, all obligations and liabilities existing as of the effective date of this act, to be hereafter administered in accordance with the provisions of this act. *Any benefits and allowances granted under the statutes repealed by this section prior to the effective date of this act shall be continued in the same manner and under the same conditions as originally granted.*" (Emphasis added).

*N. J. S. A.* 18:13–112.40 provides in part:

"\*　\*　\*, upon the receipt of proper proof of the death of a member in service on account of which no accidental death benefit is payable　\*　\*　\* there shall be paid to such person, if living, as he shall have nominated by written designation duly executed and filed with the board of trustees, otherwise to the executor or administrator of the member's estate:

(a) His accumulated deductions at the time of death together with regular interest after January 1, 1956; and

(b) An amount equal to 1½ times the compensation upon which his contributions are based or received by the member in the last year of creditable service;　\*　\*　\*

A member may file with the board of trustees, and alter from time to time during his lifetime, as desired, a duly attested written new nomination of the payee of the death benefit provided under this section."

*R. S.* 18:13–67 was superseded by *N. J. S. A.* 18:13–112.40 which not only provided for the payment of accumulated deductions to the estate or decedent's nominee as found in the former statutory provision but also made provision for a "death benefit" equal in amount to "1½ times the compensation upon which his contributions are based or received by the member in the last year of creditable service * * *." This is an entirely new concept.

Because of these changes, the secretary of the retirement system forwarded to each of the employing units for transmittal to all members of the system a new form entitled "Designation of Beneficiary," so that the members might appoint beneficiaries anew in conformity with the changes in the statutory provisions of the new law. Although the record contains an ambiguous affidavit of the clerk of the board of education employing decedent, he stated therein that he gave decedent the form but decedent never returned it to him. It was stipulated that decedent never appointed a beneficiary pursuant to this second form. In passing we note no statutory requirement that a notice of the type transmitted was required to be sent out by the retirement system or by the employing unit. *N. J. S. A.* 18:13–112.40.

Upon decedent's death, the Fund paid $1,008.83 to plaintiff, representing the accumulated deductions payable to her by reason of her beneficiary status under the original "nomination of beneficiary" form which was filed by her husband on August 28, 1950. This payment and its amount are not in dispute and we are not called upon to decide the validity of this payment.

However, the sum of $3,787.50, the amount of the "death benefit" under *N. J. S. A.* 18:13–112.40(*b*), was paid by defendant Fund to decedent's executor, the third-party defendant in this action, on the theory that decedent had never exercised his right of appointment as to a beneficiary

under the "death benefit" subsection (b). The executor consented to joinder in the trial court to allow the retirement system to seek restitution had the trial court ruled that this sum was payable to plaintiff. This question was not decided in the trial court since the court ruled for the Fund on the principal claim.

The primary question in this case revolves around plaintiff's contention that her husband's original nomination of her as beneficiary suffices in law to benefit her under the admittedly novel "death benefit" features of the new act. This problem is one of statutory construction.

In *Maritime Petroleum Corp. v. City of Jersey City*, 1 *N. J.* 287, 298 (1949), Mr. Justice Heher for the court stated:

"The true meaning of any clause or provision ordinarily is that which best comports with the subject and general object of the act. *Lewis' Sutherland Statutory Construction* (2d ed.) § 348."

In *Sperry and Hutchinson Company v. Margetts*, 15 *N. J.* 203, 209 (1954), the Supreme Court declared that:

"The intention of the lawgiver is taken or presumed according to what is consonant to reason and good discretion. The particular words are to be made responsive to the reason and spirit of the enactment. *Wright v. Vogt*, 7 *N. J.* 1 (1951). The purpose of construction is to bring the operation of the statute within the apparent intention of the Legislature. *Nagy v. Ford Motor Co.*, 6 *N. J.* 341 (1951)."

Resort may be had to contemporaneous practical construction of a statute for whatever help it can give us in fairly ascertaining the true sense and meaning of constitutional and statutory provisions. In *State Department of Civil Service v. Clark*, 15 *N. J.* 334, 341 (1954), Mr. Justice Wachenfeld stated:

"The principle is well established by a wealth of authority that resort may be had to long usage, contemporaneous construction and practical interpretation in construing statutes, to ascertain the meaning of technical terms, to confirm a construction deduced from the language, to explain a doubtful phrase or where the meaning is obscurely expressed."

In the general administration of this act the retirement system has required a nomination of a beneficiary in view of the statutory requirement that, in order to obtain the benefits under *N. J. S. A.* 18:13–112.40, such beneficiary shall have been nominated "by written designation duly executed and filed with the board of trustees." Although the statute does not prescribe the form or method of execution, we feel that the retirement system quite properly construed the statute to require a new designation of beneficiary by each member of the system in view of the conceded greater benefits under the new act. This conclusion is strengthened by an analysis of the August 28, 1950 beneficiary designation form filed by decedent. In that writing the subject matters were "accumulated deductions" and "the payment thereof as provided by law." It is obvious that only "deductions" standing to the credit of decedent were disposed of by decedent. No other benefit was available to the beneficiary. The language was in the form which could not be stretched to include subsequent independent benefits such as a death benefit in an "amount equal to 1½ times the compensation."

Plaintiff can find no case in point by way of authority for her proposition with the possible exception of *Shaw v. Board of Administration,* 109 *Cal. App. 2d* 770, 241 *P. 2d* 635 (*Ct. App.* 1952). There a writ of *mandamus* was sought to compel the payment of death benefits to plaintiff who was decedent's divorced wife. Decedent became a member of the State Employee's Retirement System in 1944 and designated plaintiff as beneficiary of all benefits. In 1948 they were divorced and plaintiff awarded $400 in lieu of community property. The question was: were plaintiff's rights as beneficiary abrogated by the divorce? The court held that the provisions of the retirement law were in the nature of a contract for life insurance and that the general rule is that the designation of a beneficiary under such a policy initiates in favor of the beneficiary an inchoate gift of the proceeds which, if not revoked prior to death, vests in the beneficiary at time of death and that the designation

of a beneficiary, valid in its inception, remains so although the insurable interest or relationship has ceased. Thus, the divorce in and of itself had no effect on the right of a divorced wife to the proceeds, citing, among other authorities, 52 *A. L. R.* 386, 389; 175 *A. L. R.* 1220, 1224.

The specific question before us was admittedly not raised in the *Shaw* case and the decision is therefore not persuasive.

But beyond this it would seem elementary that a form nominating a beneficiary under the provisions of a former statute could in no way control the disposition of greater benefits provided for by a subsequent statute which by its very terms expressly repeals the former statute. Our holding is limited to the issue submitted and decided by the trial court. We find it unnecessary to express views on other issues raised on appeal by respondents. *Cf. Rescue Army v. Municipal Court,* 331 *U. S.* 549, 67 *S. Ct.* 1409, 91 *L. Ed.* 1666 (1947); 11 *Am. Jur. p.* 720, § 93.

Affirmed without costs.