## PATRICIA TEBBEN v. MINNESOTA HIGHWAY PATROLMEN'S RETIREMENT ASSOCIATION AND ANOTHER.

193 N. W. 2d 622.

January 14, 1972—No. 42946.

*Mandt Torrison* and *Richard A. Emerick,* for appellant.

*Warren Spannaus,* Attorney General, and *John R. Murphy,* Special Assistant Attorney General, for respondent association.

*Ryan & Colburn,* for respondent estate.

Heard before Knutson, C. J., and Murphy, Rogosheske, and Peterson, JJ.

PETERSON, JUSTICE.

Plaintiff, Patricia Tebben, appeals from summary judgment for defendant Minnesota Highway Patrolmen's Retirement Association (defendant association).

Basil Irwin worked as a game warden for the State of Minnesota, Department of Conservation, Division of Game and Fish, from May 1, 1945, to February 13, 1970, when he died intestate. During his employment, Irwin contributed to the State Police Officers' Retirement Fund the amounts required by law. On December 8, 1965, he designated plaintiff as his beneficiary under the fund. He did not thereafter revoke this designation.

Irwin, along with all other state police officers, became a member of defendant association on July 2, 1969, by virtue of L. 1969, c. 693. All of the membership, assets, obligations, books, papers, and reports of the State Police Officers' Retirement Fund were thereupon transferred to defendant association. Thereafter, to the date of his death, Irwin contributed to defendant association the amounts required by law, accumulating contributions to the combined funds in the amount of $8,083.77.

Plaintiff asserts a right to the refund of that sum by reason of the unrevoked designation of herself as beneficiary. Defendant association paid the refund to defendant Estate of Basil Irwin, asserting that the designation was no longer effective following the statutory transfer of Irwin's membership in the State Police Officers' Retirement Fund to defendant association. The principal issue is one of statutory construction, the determination of which directly affects plaintiff, with whom Irwin had close personal ties, and his natural daughter, who is his sole heir under the laws of intestate succession.[1]

---

[1] Irwin was married for an undisclosed period of time to plaintiff's grandmother, Lola Martin, and, during this marriage, was plaintiff's legal guardian. Irwin provided for plaintiff's maintenance, education,

A basic proposition of importance in considering the relevant statutes is that Irwin had no right apart from statute to designate a beneficiary to receive a refund of his contributions to the fund upon his death. A statutory right to designate a beneficiary is an exception to the otherwise applicable laws of testamentary disposition. See, Anderson v. Nelson, 219 Minn. 433, 18 N. W. 2d 140 (1945).

It is not disputed that the statute relating to the State Police Officers' Retirement Fund authorized members to designate a beneficiary to receive refunds.[2] Minn. St. 1967, § 352A.29, subd. 4. Other statutes contain similar provisions.[3] Had Irwin died prior to July 2, 1969, plaintiff as his designated beneficiary admittedly would have been entitled to receive a refund of all of his contributions to the fund as of that time. However, the statute relating to defendant association, Minn. St. c. 352B, does not authorize such designation. Had Irwin been a member of defendant association and died prior to July 2, 1969, plaintiff would not have been entitled to receive a refund of Irwin's contribu-

---

and future welfare as part of a close relationship that survived his divorce from Lola Martin. The record does not disclose the closeness of Irwin's relationship with his natural daughter, but there is no indication that they were estranged.

[2] Minn. St. 1967, § 352A.29, subd. 4, provided that, if a former member of the State Police Officers Retirement Fund "dies and he has not received an annuity, a retirement allowance, or a disability benefit a refundment shall be paid to his designated beneficiary, or, if there be none, to the representative of his estate in an amount equal to his accumulated deductions." See, also, subd. 5.

[3] Minn. St. 1969, § 353.32, subd. 1, as amended by L. 1971, c. 106, § 26, provides that if a member of the Public Employees Retirement Association "dies before retirement or before he has received any retirement annuity or allowance and no other payment of any kind is or may become payable to any person, a refund shall be paid to his designated beneficiary or, if there be none, to his surviving spouse, or, if none, to the legal representative of his estate * * *." See, also, Minn. St. 1969, § 352.12, as amended by L. 1971, c. 194, § 3 (Minnesota State Retirement System).

tions to that fund. The question is whether in view of Irwin's death after July 2, 1969, the prior designation was effective with respect to Irwin's contributions to either fund.

L. 1969, c. 693, § 9 (codified as Minn. St. 352B.17), provides that state police officers, as "members of the highway patrolmen's retirement association * * * shall be entitled to the same benefits, payments and annuities of every kind and nature, whether payable to the state police officer or his survivor *or beneficiary,* and subject to the same conditions and restrictions as patrolmen are entitled to by Minnesota Statutes, Chapter 352B." (Italics supplied.)

Plaintiff contends that, by the use of the word "beneficiary," the legislature intended that members of defendant association were to have a right to designate beneficiaries to receive refunds upon death in those situations in which the association is obligated to pay a refund. We think, however, that the legislature's use of the word "beneficiary" contemplated a beneficiary designated by the statute. See, Minn. St. 352B.11, subd. 2. Where the legislature has intended to permit members of government employee retirement funds to designate beneficiaries to receive refunds upon death, it has clearly expressed its intent by other language.[4]

Plaintiff alternatively contends that, even if she is not entitled to receive a refund of Irwin's contributions to defendant association, she is still entitled to a refund of his contributions made before July 2, 1969, to the State Police Officers' Retirement Association. She relies on L. 1969, c. 693, § 15 (codified as Minn. St. 352B.23) which provides:

"All persons who on the effective date of this act are receiving or are entitled to receive any benefit, annuity, payment or refund or have a deferred right to receive any benefit, annuity, payment or refund pursuant to Minnesota Statutes, Chapter 352A, shall, after the effective date of this act receive the same

---

[4] See footnotes 2 and 3, *supra,* and accompanying text.

benefit, annuity, payment or refund or have the same deferred right to receive the same benefit, annuity, payment or refund from the highway patrolmen's retirement association."

We conclude that the authorization to designate a beneficiary to receive a refund was not a right contemplated by this language of the statute. It was not stated in express terms, and a right to avoid the laws governing intestate succession by such designation is not lightly to be implied. Only Irwin's right to receive a refund of his contributions upon a termination of his employment prior to July 2, 1969, was clearly preserved. Authorization to make a nontestamentary designation of beneficiary was not a vested right that must be deemed to have continued beyond that date.

Resort to equitable principles of estoppel is of no aid to plaintiff. Defendant association admittedly did not undertake to notify Irwin that his designation of a beneficiary was no longer effective, affording him the opportunity to make a will designating plaintiff as his beneficiary. Irwin did, however, have constructive notice by the enactment of the subsequent statute, and it may well be, from the circumstances surrounding its enactment, that he had actual notice of the statute. The doctrine of estoppel may not, in any event, be applied to the state or any of its agencies acting in its sovereign governmental capacity. See, e. g., Board of Education v. Sand, 227 Minn. 202, 34 N. W. 2d 689 (1948); The Alexander Co. v. City of Owatonna, 222 Minn. 312, 24 N. W. 2d 244 (1946).

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.