[Civ. No. 11046.   First Appellate District, Division Two.—November 20, 1939.]

MARY JENKINS, Respondent, v. ALBERT E. HILL, Administrator, etc., Appellant.

Ralph E. Hoyt, District Attorney, J. F. Coakley, Chief Assistant District Attorney, and Owen Hotle, Jr., Deputy District Attorney, for Appellant.

H. L. Richardson for Respondent.

NOURSE, P. J.—Plaintiff sued the administrator of the estate of Richard McAfee, deceased, to recover the proceeds of two life insurance policies which had been paid to the administrator. The cause was tried by the court without a jury, and findings were made favorable to plaintiff upon which she had judgment. The defendant has appealed on the judgment roll alone.

The trial court found that, in a discussion between plaintiff, the deceased, and an agent of the insurance company, the deceased stated that plaintiff had agreed to take care of deceased during his last illness and to pay the burial expenses, and that he desired insurance upon his life so that the proceeds of the policy might be available for those purposes. The agent stated that plaintiff could not be named beneficiary

because she had no "insurable interest", but that the proceeds "would be paid to whoever held the policy at the time of the death of decedent or to any person who would pay the premiums on said policy and/or look after the welfare and/or well-being of decedent under the provisions of the facility of payment clause which appeared on the face of the policy". In accordance with these understandings, the estate was named beneficiary of the policy, and upon its delivery the decedent immediately made a gift of the policy to plaintiff. The first policy was in the principal sum of $450. About four months after it was issued the parties procured a second policy in the principal sum of $621 under the same circumstances and understandings. The trial court further found that the plaintiff fulfilled her terms of the agreement—that she supported the deceased until his death, and paid all the premiums on both policies. Upon these findings of fact the trial court concluded that plaintiff was entitled to the entire proceeds of the policies, that defendant had no interest or estate therein, and that defendant be enjoined from asserting any claims thereto adverse to plaintiff.

■ The appellant states the question involved in this appeal as follows: "Can an assignee, not having an insurable interest in the life of the deceased, recover the proceeds of life insurance payable to the Estate of the Deceased, which policies were obtained and assigned pursuant to a preconceived plan to evade the law requiring insurable interest." We do not so understand the controversy because, first, the plaintiff was not without an insurable interest, and, second, there is no issue of fraud or "evasion" because that defense was not raised and not proved and the findings of fact, which we must take as conclusive on this appeal on the judgment roll, completely negative the existence of any evidence tending to support such an issue. This leaves just two debatable questions, and these are determinative of all the issues on this appeal. They are: first, did the respondent have an insurable interest in the life of the deceased; and second, do the findings support the judgment? Both will be answered in the affirmative.

■ Section 10110 of the Insurance Code reads: "Insurable Interest: Every person has an insurable interest in the life and health of (a) Himself. (b) Any person on whom he depends wholly or in part for education or support. (c) Any

person under a legal obligation to him for the payment of money or respecting property or services, of which death or illness might delay or prevent the performance. (d) Any person upon whose life any estate or interest vested in him depends.'' Respondent comes within subdivision (c) of this section. Her case is just the reverse of that shown in *Rudell* v. *Board of Administration, etc.,* 8 Cal. (2d) 600 [66 Pac. (2d) 1203]. Here, while respondent and deceased lived together as husband and wife, though without a legal marriage, the respondent supported the deceased; whereas, in the Rudell case, the deceased supported the beneficiary named in the insurance policy. In the instant case the trial court found that respondent supported deceased ''at all times herein mentioned''. That would cover the time from the application for the policies to the death of the deceased. The implied promise to pay for these services arose from the time of respondent's promise to perform them. It was a legal obligation to pay money at the time of such promise, or, at least, it was a legal obligation ''respecting services''.

But if there is any uncertainty as to that conclusion there can be none as to this: that the insurer is the only party who can raise the question of insurable interest, and that, if the insurer waives the question of interest and pays the money to the named beneficiary, or into court, neither the personal representative nor the creditors can claim the proceeds on that ground. (*Woodmen of the World* v. *Rutledge,* 133 Cal. 640, 644 [65 Pac. 1105] ; *Wheeler* v. *Factors, etc., Inc.,* 101 U. S. 439, 441 [25 L. Ed. 1055].) Hence the answer to the first inquiry is that respondent either had an insurable interest in the life of the deceased or that she had such an interest that the appellant could not attack. Giving to the findings of fact all the intendments and presumptions necessary to support the judgment, the necessary conclusion is that the obligation of the deceased to recompense the respondent for her undertaking to care for deceased during his last illness and to pay his burial expenses was a ''legal obligation'' within the section. When, therefore, she was informed that she could not be named beneficiary but that the same result could be obtained by a gift of the policies to her, a trust arose in her favor of the same force as those approved in *Furman* v. *Craine,* 18 Cal. App. 41, 45 [121 Pac. 1007] ;

*Owens* v. *McNally,* 113 Cal. 444, 448 [45 Pac. 710, 33 L. R. A. 369] ; *American Bible Society* v. *Mortgage Guar. Co.,* 217 Cal. 9, 13 [17 Pac. (2d) 105] ; *Shelly* v. *McKimmons,* 32 Cal. App. (2d) 711, 714 [90 Pac. (2d) 842].

■ The second inquiry is answered by what has just been said. The findings of fact support the judgment because they disclose either an insurable interest or a case in which the question cannot be raised, and hence, if anything is necessary to be proved in respect to the insurable interest, it must be presumed in support of the judgment. The findings also disclose the contract of the parties, their intention throughout to accomplish the result which the judgment establishes, the absence of any fraud, deceit or evasion, and that the legal and equitable title in the proceeds should be in the respondent, free from any adverse claim of appellant.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.