[No. D018818. Fourth Dist., Div. One. Sept. 13, 1994.]

In re the Marriage of KAREN MICK and RONALD E. BRATTON.
KAREN MICK BRATTON, Appellant, v.
RONALD E. BRATTON, Respondent.

**[Opinion certified for partial publication.*]**

*The opinion filed September 13, 1994 is ordered certified for partial publication of section I only.

## COUNSEL

E. Stephen Tempko for Appellant.

Ronald E. Bratton, in pro. per., for Respondent.

## OPINION

**DiFIGLIA, J.*—**The issue presented in this appeal is: may a former spouse be ordered to divest herself of her interest in a policy insuring her former husband's life because he objects to her continued retention of the policy? We hold that she cannot.

Appellant Karen Mick Bratton appeals an order in favor of respondent Ronald E. Bratton, entered in their marriage dissolution proceeding, directing her to terminate a whole life insurance policy in the face amount of

---

*Judge of the San Diego Superior Court sitting under assignment by the Chairperson of the Judicial Council.

$100,000 which Karen owns on the life of Ronald.[1] Karen contends the court erred in that (1) Ronald lacked standing to contest her retention of the policy, (2) there was no evidence to support the court's finding that the equitable doctrines of laches, estoppel or unclean hands mandated the termination of the policy, and (3) the decision of the court is predicated on a finding of marital fault forbidden by the Family Law Act. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

## I

### *Standing*

■ After their separation, Ronald ceased paying premiums on the insurance he held on Karen's life and the policy lapsed. Karen continued her payment of premiums on the policy she owned insuring Ronald's life. Karen contends Ronald lacks standing to challenge the legality or enforceability of the policy. We agree.

In *Jenkins* v. *Hill* (1939) 35 Cal.App.2d 521 [96 P.2d 168], the named beneficiary of two insurance policies sued the administrator of the insured's estate to convey the proceeds of the policies which had been paid to the administrator. The trial court found the beneficiary had an insurable interest in the policies and was entitled to the proceeds. The administrator appealed. The appellate court affirmed the finding of the trial court that plaintiff had an insurable interest. More importantly, in light of the issues raised by this appeal, the court held the administrator lacked standing to question the beneficiary's insurable interest. ". . . the insurer is the only party who can raise the question of insurable interest, . . . if the insurer waives the question of interest and pays the money to the named beneficiary, or into court, neither the personal representative nor the creditors can claim the proceeds on that ground." (*Jenkins* v. *Hill, supra,* 35 Cal.App.2d at p. 524.)

Karen's exclusive rights are reflected in the language of the insurance contract itself. The policy Karen owns provides: "While the Insured is

---

[1] Although community funds may have been utilized to pay premiums during the brief marriage, Ronald conceded that characterization of the policy as separate or community property was not in issue. The policy is Karen's separate property.

*See footnote, *ante*, page 791.

living, *the owner(s), with no one else's consent, is entitled to any benefit and value*, and to the exercise of any right and privilege *granted by the contract or by us*." (Italics added.) At Karen's request, the Prudential Insurance Company of America confirmed in writing on two separate occasions that she holds a valid contract insuring Ronald's life. The company further acknowledged that insurance policies held by ex-wives on their ex-husbands are common in the industry. In the trial court, Ronald cited no authority which would suggest he has standing to question Karen's continued retention of an insurance policy on his life. Rather, he argued that public policy considerations give him that right. He claimed an individual "should have the right to question the legality of the ownership of a policy which has been taken out on his life since the beneficiary stands to realize a significant financial gain upon his death." Ronald further contended that since their economic and family relationship has been terminated, Karen should no longer have the right to maintain a policy insuring Ronald's life. However, as will be discussed, provisions of the Insurance Code expressly contravene Ronald's public policy contentions.

Ronald conceded that Karen held an insurable interest in his life at the time she originally contracted for term insurance policy No. 70 660 628 in March of 1980. Insurance Code section 286 provides in part: ". . . an interest in the life or health of a person insured must exist when the insurance takes effect, *but need not exist thereafter or when the loss occurs*." (Italics added.) Insurance Code section 10110.1, subdivision (d) similarly states: "(d) *An insurable interest* shall be required to exist at the time the contract of life or disability insurance becomes effective, but *need not exist at the time the loss occurs*." (Italics added.) These statutory pronouncements express a public policy precisely the opposite of Ronald's position. It is clear from Insurance Code sections 286 and 10110.1, subdivision (d), that provided an insurable interest existed at the inception of the policy, changed circumstances will not impair the rights and obligations of the contracting parties. Ronald's "public policy" arguments are not persuasive. Based on the holding in *Jenkins* v. *Hill, supra*, 35 Cal.App.2d 521, Ronald lacked standing to challenge either the legality or enforceability of the policy of insurance Karen holds on his life. In the trial court, Ronald argued that when Karen converted the original term policy to a whole life policy in 1991, an entirely new contract was created. He maintained that since the parties were no longer married at that time, Karen no longer held an insurable interest in Ronald's life. Therefore, he reasoned the new whole life policy is unenforceable.

Ronald cites no California authority to support this position. Because of our holding that he lacks standing to question Karen's insurable interest and

further in light of the Prudential Insurance Company of America's acknowledgment of the validity of Karen's contract, we need not, and do not, address the issue of her insurable interest.

## II, III

### *The Equitable Doctrines**

. . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

As the conclusions to be drawn from the undisputed facts require judgment to be entered for Karen, the order of February 10, 1993, requiring Karen to forthwith terminate her interest in the whole life insurance policy she owns on the life of Ronald is reversed and remanded with directions to enter a new order in favor of Karen and against Ronald.

Kremer, P. J., and Froehlich, J., concurred.

---

*See footnote, *ante*, page 791.