**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, Plaintiff/counterdefendant/Appellee,**

v.

**Nancy DZINA, Defendant–counterclaimant–Appellant.**

**and**

**Northpoint Properties, Inc., Defendant,**

**Daniel A. Dzina, Defendant-counterdefendant,**

Daniel Singerman, Counterdefendant.

No. 02–55412.

D.C. No. CV–01–01203–TJW(LAB).

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2003.*

Decided April 2, 2003.

Before PREGERSON and THOMAS, Circuit Judges, and OBERDORFER, District Judge.**

## MEMORANDUM ***

Nancy Dzina appeals from the district court's dismissal of her counterclaim against North American Company for Life Insurance for breach of contract and breach of the implied covenant of good faith and fair dealing. Nancy alleged that North American breached its contractual and implied duties when it failed to cancel or modify the life insurance policy issued on her life as she requested. She also argued that the policy was void because no insurable interest existed at the time the policy issued. The District Court concluded that North American had breached no contractual or implied duties and that a viable insurable interest existed at the time that the policy issued. We affirm.

### I.

Because the parties are familiar with the facts of this case, we set out the factual

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

background only to the extent necessary to discuss the disposition of the case.

In August 1999, Nancy decided to replace her then-existing life insurance policy with one issued by North American. The application for the replacement of the policy received by North American designated her ex-husband, Daniel Dzina, as the named beneficiary. Nancy alleges that in May of 2000, Daniel informed her that the North American policy had lapsed for non-payment of premiums and he asked her to sign a blank "reinstatement" form. As part of the reinstatement, she also signed a blank change in beneficiary and/or ownership form. She asserts that Daniel and an Ohio insurance agent, Gilbert Singerman, fraudulently altered these forms after she signed them, naming Northpoint Properties, Daniel's company, as the policy owner and primary beneficiary. Nancy does not claim that North American had any knowledge of or participation in the alleged fraud.

Approximately one year later, in March of 2001, Nancy discovered that Northpoint owned and was beneficiary of the policy. She states that she immediately contacted North American and informed it of the alleged fraud. She requested that North American either cancel the policy or change the beneficiary designation to her children because she feared for her safety as long as Daniel retained a beneficial interest in the policy. North American declined to do so, stating that only Northpoint, as the policy owner, had the authority to make such a change. North American then filed an action for declaratory relief, seeking a resolution of Nancy's rights and obligations under the policy. She counterclaimed against North American arguing that the insurer's failure to modify or cancel the policy, after she notified it of the fraud and possible danger to her life, constituted a breach of contractual and implied duties owed to her as the insured. She also named Daniel and Gilbert Singerman as co-defendants and brought against them a claim for fraudulent misrepresentation.

On February 11, 2002, the parties agreed that North American's declaratory action and the fraudulent misrepresentation claim against Daniel and Singerman should be resolved in divorce proceedings pending in the Court of Common Pleas in Cuyahoga County, Ohio, and entered into a stipulation to that effect. The issues remaining before this court are (1) whether the North American insurance policy is void because no insurable interest existed at the time the policy issued and (2) whether North American acted in bad faith, in violation of contractual and implied duties, when it failed to modify or cancel the policy as requested by Nancy.

## II.

We review the district court's dismissal of Nancy's counterclaim *de novo*. *See Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000). In doing so we presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).

## III.

### A. Insurable Interest

An insurance policy is valid only if the insured has an insurable interest at the time the policy issues. *See* Cal. Ins.Code § 280; *Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 491 (9th Cir.1997) (applying California law). Nancy argues that the District Court erred when it concluded that Daniel retained an insurable interest in the North American policy. We need not reach the merits of Nancy's insurable

**18**

interest challenge because it is clear that she has no standing raise it. *See In re Marriage of Bratton,* 28 Cal.App.4th 791, 793, 34 Cal.Rptr.2d 86 (1994). Under California law the insurance carrier, here North American, is the only party with standing to challenge the lack of insurable interest. *Id.; see also Jenkins v. Hill,* 35 Cal.App.2d 521, 524, 96 P.2d 168 (1939) ("The insurer is the only party who can raise the question of insurable interest ...."). North American raises no such question.

### B. Breach of Contractual and Implied Duties of Good Faith

Nancy also claims that North American violated a contractual obligation and implied duty to deal with her fairly. *See Cates Constr., Inc. v. Talbot Partners,* 21 Cal.4th 28, 86 Cal.Rptr.2d 855, 980 P.2d 407 (1999) (An implied covenant of good faith and fair dealing exists in every contract). She claims that North American violated that duty when it refused to modify and cancel the policy once she explained to it that her life was put in danger as long as Daniel, and his company, retained ownership of and a beneficial interest in the policy. She contends that North American owed her a duty, as the insured, to void the policy in the face of such a threat to her life.

We agree with the District Court that North American has not acted in bad faith. The stipulation between the parties that the validity of the transfer is to be resolved in the divorce proceedings is conclusive evidence of North American's commitment to resolve in good faith any dispute as to the validity of the transaction which purportedly made Northpoint owner and beneficiary of the policy. *See, e.g., Franceschi v. Am. Motorists Ins. Co.,* 852 F.2d 1217, 1220 (9th Cir.1988) (explaining that an insurer does not act with bad faith if a

genuine issue of fact exists as to the parties rights and obligations under a policy). This is not a case where the insurance carrier arbitrarily and in bad faith refused to address the insured's expressed concerns.

Accordingly, Nancy's claim that the carrier violated its contractual and implied obligation to act in good faith must be denied.

**AFFIRMED**