09-3639-cv
*The 2004 Stuart Moldaw Trust, et al., v. XE L.I.F.E., LLC, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand and ten.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Circuit Judge*,
> KIMBA M. WOOD,[*]
> *District Judge*.[**]

_____

THE 2004 STUART MOLDAW TRUST, NORMAN FERBER TRUSTEE, SUSAN MOLDAW, Special Administrator of the Estate of Stuart Moldaw, PHYLLIS MOLDAW, as an individual,
> *Plaintiffs-Appellants*,

> v.                                                          (09-3639-cv)

XE L.I.F.E., LLC, a limited liability company, XE CAPITAL MANAGEMENT, LLC, a limited liability company,
> *Defendants-Appellees*,

XE-R, LLC, a limited liability company, MARK ROSS & CO., a corporation, ARCHIE MASTER FUND, L.P.,
> *Defendants*.

_____

[*] The Hon. Kimba M. Wood, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Hon. Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR APPELLANTS: Joseph W. Cotchett, Nancy L. Fineman, Stuart G. Gross, Cotchett, Pitre & McCarthy, Burlingame, CA; Stanley M. Grossman, Robert J. Axelrod, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY

FOR APPELLEES: Kevin Samuel Reed, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs-Appellants The 2004 Stuart Moldaw Trust, Phyllis Moldaw, and Susan Moldaw, the executor of the estate of Stuart Moldaw (collectively "Appellants"), appeal from a July 30, 2009 judgment of the United States District Court for the Southern District of New York (Castel, *J.*) dismissing their complaint alleging claims related to several "stranger-owned life insurance" policies created by Defendants-Appellees and beneficially owned by Defendants XE L.I.F.E., LLC, and XE Capital Management (collectively "XE Life" or "Appellees"). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

In brief, the Second Amended Complaint ("complaint") alleges that Stuart Moldaw and his wife Phyllis Moldaw were approached in 2004 by Mark Ross, the principal owner of the insurance brokerage company Mark Ross & Co., for the purpose of creating life insurance policies (the "policies") on their own lives for sale to investors. Compl. ¶¶ 18-19, 26-28. The Moldaws would receive $4 million in exchange for consenting to the creation of these policies, and would not be required to pay any premiums associated with them or any other costs involved in the transaction. *Id.* ¶¶ 29-34. Defendants, knowing that life insurance contracts on the life of another are illegal,

allegedly devised a complex scheme to disguise the nature of the overall transaction through the use of various trusts and limited liability companies, which would hold the policies, and the execution of various sham "loan" agreements between Appellees and the trusts or companies through which the Appellees would pay the premiums necessary for the entities to acquire the policies. *Id.* ¶¶ 35-36. The "loans" would then "expire," and Appellees would assume beneficial ownership of the policies. *Id.* ¶ 38. After a series of transactions, Appellees allegedly did acquire the policies. *Id.* ¶ 49.

Appellants brought claims (Claims 1 and 2) seeking the disgorgement of any proceeds of the policies paid or payable to Appellees pursuant to New York Insurance Law § 3205(b)(4), which provides a right of action for "the person insured or his executor or administrator" against any person receiving benefits under any policy made in violation of New York Insurance Law § 3205(b)(2). Section 3205(b)(2) in turn forbids any person from "procur[ing] . . . any contract of insurance upon the person of another unless the benefits under such contract are payable to the person insured or his personal representatives, or to a person having . . . an insurable interest in the person insured." N.Y. Ins. Law § 3205(b)(2). Appellants also sought a declaration that The 2004 Stuart Moldaw Trust was the "rightful beneficiary" of the policies. Appellant Phyllis Moldaw also asserted a claim under California Family Code § 1100(b) (Claim 3), which forbids a spouse from disposing of marital community property for less than fair value without the other spouse's consent, *see* Cal. Fam. Code § 1100(b), alleging that Stuart Moldaw had disposed of his beneficial interest in the policies without her consent. The district court dismissed the § 3205(b)(4) claims on the ground that California law, rather than New York law, governed Appellants' claims relating to the validity of the policies, and that Appellants lacked the right to sue under California law. The court dismissed the community property claim because it was time-barred.

"We review *de novo* the district court's decision to grant a motion to dismiss" pursuant to Rule 12(b)(6). *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (en banc). "In so doing, we accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Id.* Our review of the grant of a motion to dismiss is limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

1. Appellants' Claims Under New York Insurance Law

Appellants' first two claims are in substance that the insurance policies on the lives of Stuart and Phyllis Moldaw are illegal "[w]agers on the life of another," Compl. ¶ 1, and that Appellants are the rightful owners of the policies and any proceeds that have been paid therefrom. We first conclude that these claims are governed by California law. Under New York choice-of-law principles, which we apply as the law of the forum, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941), "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Matter of Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 223 (1993). There does not appear to be a conflict between California and New York insurance law with regard to the validity of the policies, as the law of both states indicates that insurance policies on a person's life procured by one without an "insurable interest" are void. *See* N.Y. Ins. Law § 3205(b)(2); Cal. Ins. Code § 280 ("If the insured has no insurable interest, the contract is void."); *id.* § 252 ("A policy executed by way of gaming or wagering, is void."). A conflict does exist, however, concerning who has a right to bring an action to enforce the substantive prohibition against such policies. New York law expressly provides that:

> If the beneficiary, assignee or other payee under any contract made in violation of [N.Y. Ins. Law § 3205(b)] receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the person insured, *the person insured or his executor or administrator* may maintain an action to recover such benefits from the person receiving them.

N.Y. Ins. Law § 3205(b)(4) (emphasis added). By contrast, California courts have long held that "*the insurer* is the only party who can raise the question of insurable interest, and . . . if the insurer waives the question of interest and pays the money to the named beneficiary, or into court, neither the personal representative nor the creditors can claim the proceeds on that ground." *Jenkins v. Hill*, 35 Cal. App. 2d 521, 524 (Cal. Dist. Ct. App. 1939) (emphasis added); *see also N. Am. Co. For Life & Health Ins. v. Dzina*, 64 F. App'x 15, 18 (9th Cir. 2003) (unpublished) ("Under California law the insurance carrier . . . is the only party with standing to challenge the lack of insurable interest."); *In re Marriage of Bratton*, 28 Cal. App. 4th 791, 794 (Cal. App. 1994) (rejecting the argument that "an individual should have the right to question the legality of the ownership of a policy which has been taken out on his life since the beneficiary stands to realize a significant financial gain upon his death," citing *Jenkins* (internal quotation marks omitted)); John K. DeMugno and Paul E.B. Glad, *California Insurance Law Handbook* § 43:2 (2010) ("The insurer is the only party who may challenge whether the insured has an insurable interest. The insured's creditors or heirs may not claim the proceeds on that ground.").[1]

In contract cases, New York courts apply a "grouping of contacts" analysis in cases of conflicting laws to determine which to apply. *Allstate*, 81 N.Y.2d at 226. This test requires us to

---

[1] Appellants rely on a supposed distinction between "standing" and the substantive "right to bring an action" in California law, citing *Jasmine Networks, Inc. v. Superior Court*, 180 Cal. App. 4th 980, 993 (Cal. App. 2009). The distinction does not matter in this case, however, because we take *Jenkins* and the later cases relying on it to hold that no private third party other than the insurer itself has a substantive right of action to enforce California's prohibitions against policies procured by those without "insurable interests."

5

analyze the traditional factors looked to in choice-of-law analysis, *id.*, including "the place of the contracting," the "place of negotiation of the contract," the "place of performance," the "location of the subject matter of the contract," and the domicile of the parties. Restatement (2d) of Conflict of Laws § 188(2)(a)-(e), *cited in Allstate*, 81 N.Y.2d at 226. Applying these factors, we easily conclude that California has the "contacts that obtain significance" in this dispute, *Allstate*, 81 N.Y.2d at 226, and therefore its law should be applied. According to the complaint, the initial negotiations between Stuart Moldaw and Ross took place in California and Stuart Moldaw agreed to enter into the transaction creating the policies in California. Compl. ¶¶ 26-34. The insureds, Stuart and Phyllis Moldaw, were California residents during the time of the relevant events. *Id.* ¶¶ 13-14. All of the Appellants are California domiciliaries. *Id.* ¶¶ 12-14. Finally, two of the insurance policies in the record here issued on the life of Stuart Moldaw contain express language designating California's law as governing the policy. These facts indicate that all of the contacts of significance in this case are with California, and therefore that state's law should apply.

Appellants' arguments to the contrary are unpersuasive. The fact that the various financing and assignment transactions were finalized in New York, and that the documents evidencing these transactions contain New York choice of law clauses, is less significant than the initial decision to obtain and the steps taken to procure the unlawful insurance policies. Moreover, this is not a case in which "the interests of only one state are truly involved," *Norlin Corp v. Rooney, Pace, Inc.*, 744 F.2d 255, 264 (2d Cir. 1984); the laws of both states at issue regulate "stranger-owned life insurance" policies, but differ in terms of which parties can challenge the validity of such policies. Thus California has a "legitimate interest" in regulating who can challenge the insurability of a party under a policy issued on the life of a California insured; this interest is sufficient to warrant the

6

application of its law. *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 385 (1969). *Cf. Krauss v. Manhattan Life Ins. Co. of N.Y.*, 643 F.2d 98, 101 (2d Cir. 1981) ("New York has expressed no interest in protecting nondomiciliaries with its restriction on insurance companies' available defenses . . . ."). Because Appellants do not have a right of action to enforce Cal. Ins. Code §§ 252 or 280, we affirm the district court's dismissal of Claims 1 and 2.

### 2. Phyllis Moldaw's Community Property Claim

We also agree with the district court that Appellant Phyllis Moldaw's claim under Cal. Fam. Code § 1100(b) should be dismissed. Cal. Fam. Code § 1100(b) provides in relevant part:

> A spouse may not make a gift of community personal property, or dispose of community personal property for less than fair and reasonable value, without the written consent of the other spouse. . . .

Cal. Fam. Code § 1100(b). The complaint alleges, in flat contradiction of the theory of the stranger-owned life insurance claims, that the premiums on the policies were "fully paid with the community funds of Stuart and . . . Phyllis [Moldaw]," Compl. ¶ 148, and thus that the disposition of Stuart's beneficial interest in these policies without Phyllis's written consent constituted a violation of § 1100(b). *Id.* ¶¶ 149, 152. Even assuming the truth of the fact alleged in paragraph 148, we agree with the district court that any claim Phyllis had under § 1100(b) is time-barred. The parties agree that the claim is governed by a three-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(c). The complaint alleges that ownership of the policies was transferred to limited liability companies associated with life insurance trusts for the Moldaws in October 2004. *Id.* ¶¶ 37, 43. Then in December 2004, "new irrevocable trusts were created . . . including Plaintiff The 2004 Stuart Moldaw Trust . . . . Ownership of the limited liability companies was then transferred to the 2004 Trusts." *Id.* ¶ 44.

7

Appellants' contentions that the October 2004 transfer of the policies was not a disposition of community property because the October 2004 trusts were revocable and that the December 2004 transfer to the irrevocable trust did not alter the trusts' beneficiaries were not raised before the district court, and are therefore waived. *See, e.g.*, *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005). Even if we were to consider these arguments, however, and even assuming the policies were "community property," their transfer to the December 2004 *irrevocable* trusts (via the transfer of the ownership of the limited liability companies that were the beneficiaries of the policies) constituted a disposition of community property regardless of the identity of the trusts' beneficiary. *See* Cal. Fam. Code § 761(a) (community property transferred in trust remains community property *if* the trust is "revocable as to that property during the marriage and the power . . . to modify the trust as to the rights and interests in that property during the marriage may be exercised only with the joinder or consent of both spouses." (emphasis added)); *see also* William Bassett, *California Community Property Law* § 3:40 (2010 ed.) ("Irrevocable inter vivos and testamentary trusts are not included in the provisions of Family Code § 761."). That the beneficiaries of the trusts did not change is irrelevant because the transfer from a revocable to an irrevocable trust moved the property out of the community by eliminating Phyllis Moldaw's right to revoke as to that property. *See* Cal. Fam. Code § 761(b). Because this action was brought over three years after December 2004, the claim is time-barred.

We have considered Appellants' remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8