NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOUSEF RABADI, et al., | No. 17-55570 |
| Cross-claimants-Appellees, | D.C. No. 2:15-cv-07623-RSWL-E |
| v. | |
| LYSAGHT LAW GROUP LLP and BRIAN C. LYSAGHT | MEMORANDUM* |
| Cross-defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Submitted February 15, 2019**
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and KORMAN,*** District
Judge.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern
District of New York, sitting by designation.

The parties to this interpleader action both lay claim to life insurance proceeds deposited with the district court. The insured had a $5.5 million universal life insurance policy with Transamerica Life Insurance Company, and after her death, the three named policy beneficiaries—Yousef Rabadi, Intesar Alturk, and Bill Biltagi—sought to recover the proceeds. Meanwhile, Lysaght Law Group LLP, who represented three non-beneficiary relatives of the insured in an unrelated state-court litigation, informed Transamerica that it had an attorney's lien entitling it to 30% of the total proceeds. Accordingly, Transamerica disbursed 70% of the proceeds to the named beneficiaries and filed this interpleader action under Federal Rule of Civil Procedure 22 to force the named beneficiaries and Lysaght to litigate their competing claims to the remaining funds.

The district court approved the interpleader and dismissed Transamerica from the suit. The named beneficiaries then filed a cross-complaint against Lysaght, arguing that Lysaght has no valid claim to the funds. Lysaght asserted the affirmative defense that the insurance policy at issue is illegal and void under the California Insurance Code,[1] failing to explain why it should still recover under an illegal, void policy. The district court granted summary judgment to the named

---

[1] Lysaght also references the affirmative defenses of unclean hands, fraud, and conspiracy. However, on appeal, it focuses exclusively on illegality without distinguishing among these defenses.

beneficiaries, holding that Lysaght failed to validate its attorney's lien, the lien bears no relation to the funds at issue, and Lysaght lacks standing to assert that the policy is illegal. We review de novo and affirm. *See Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

1. An "attorney's lien is only enforceable after the attorney adjudicates the value and validity of the lien in a separate action against his client." *Mojtahedi v. Vargas*, 228 Cal. App. 4th 974, 978 (2014); *Brown v. Superior Court*, 116 Cal. App. 4th 320, 328-29 (2004). Here, Lysaght failed to bring a separate action against its clients to determine the validity of its attorney's lien. Nor are Lysaght's former clients parties to this interpleader action, distinguishing this case from *Southern California Gas Co. v. Flannery*, 5 Cal. App. 5th 476, 495-96 (2016) (validity of attorney's lien could be established in interpleader action where both attorney and client were parties). Because Lysaght "has omitted this essential step of establishing [its] entitlement to a particular portion of the [life insurance] proceeds," its attorney's lien cannot reach the disputed funds. *Mojtahedi*, 228 Cal. App. 4th at 978.

Regardless, "[t]he cause of action to recover compensation for services rendered under a contingent fee contract does not accrue until the occurrence of the stated contingency." *Fracasse v. Brent*, 6 Cal. 3d 784, 792 (1972). Here, the

contingency fee agreement only entitled Lysaght to recover proceeds of the state-court litigation. Absent evidence that the disputed funds are proceeds of the state-court litigation, Lysaght cannot recover them under the contingency fee agreement. *See Kroff v. Larson*, 167 Cal. App. 3d 857, 860 (1985).

2. Although Lysaght asserts illegality as an affirmative defense rather than a direct claim, it must still "demonstrate its right to obtain a judicial determination of its contention." *FDIC v. KMG Main Hurdman*, 655 F. Supp. 259, 269 (E.D. Cal. 1987); *see also United States v. Hugs*, 109 F.3d 1375, 1378-79 (9th Cir. 1997) (defendants lacked standing to assert as-applied Free Exercise challenge to regulation). In California, "the insurer is the only party who can raise the question of insurable interest, and . . . if the insurer waives the question of interest and pays the money to the named beneficiary, or into court," a third party may not later challenge the existence of an insurable interest. *Jenkins v. Hill*, 35 Cal. App. 2d 521, 524 (1939); *see also In re Marriage of Bratton*, 28 Cal. App. 4th 791, 794 (1994). Thus, Lysaght has no standing to assert that the policy lacks an insurable interest under the California Insurance Code. To the extent Lysaght challenges the legality of the policy more broadly, only a party to a contract or a third party "whose interests are affected" has standing to do so. *See River Garden Farms, Inc. v. Superior Court*, 26 Cal. App. 3d 986, 1000 (1972) (citing *Johnson v. Johnson*,

4

127 Cal. App. 2d 464, 472 (1954)). Lysaght has no such interest, and in any event, fails to explain why it should recover the proceeds of an allegedly illegal policy.

**AFFIRMED.**